# In the United States Court of Federal Claims

No. 20-1871C
(Filed: March 4, 2021)

```
*************************************
                                    *
CASSANDRA L. SMITH,                 *
                                    *
            Plaintiff,              *
                                    *
      v.                            *
                                    *
THE UNITED STATES,                  *
                                    *
            Defendant.              *
                                    *
*************************************
```

## ORDER DISMISSING CASE

On December 11, 2020, Plaintiff Cassandra L. Smith, proceeding *pro se*, filed a complaint alleging "[her] body [was] surgical[ly] implanted with medical devices in the State of Michigan, involuntarily;" that she "ha[s] been designated by corporate document fraud . . . to conduct [her] daily life with machinery in [her] body for automatization;" and that she has thereby suffered "numerous subjecting health conditions and unlawful activity oppressed upon [her]." *See* Complaint ("Compl."), ECF No. 1-1 at 1. Although not very clear, her complaint contains three pages of alleged wrongful acts, *see* Compl. at 3-5, as well as listing forty-two individuals, private entities, and government instrumentalities with whom she alleges fault. *See* Compl. at 6-7. She further lists a total of forty-two remedies that she is seeking from this Court, including several forms of monetary damages, a jury trial, legislative action, production of numerous documents, and various additional requests. *See* Compl. at 9-10.

In response, on February 9, 2021, Defendant United States filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC") for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. ECF No. 8 at 3-6.

Here, Ms. Smith has filed this claim *pro se* and thus proceeds without legal counsel.[1] While *pro se* litigants are generally held to "less stringent standards" than those of a licensed attorney, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), such leniency does not relieve Ms. Smith, as plaintiff, of her burden to establish this Court's jurisdiction over her claim. *See*

---

[1] Ms. Smith filed an Application to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915. ECF No. 2. For the limited purpose of conferring jurisdiction, the Court GRANTS Plaintiff's motion to proceed *in forma pauperis*.

*Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (2011); *Henke v. United States*, 60 F.3d 795, 799 (Fed Cir. 1995).  Pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1) (2012), this Court has jurisdiction over constitutional, statutory, regulatory, and contractual claims against the United States.  The Tucker Act is only a jurisdictional statute; it does not create a substantive right for money damages against the United States.  *United States v. Testan*, 424 U.S. 392, 398 (1976).   Therefore, if the Court—upon accepting as true all of Plaintiff's factual assertions and drawing all reasonable inferences in her favor—finds jurisdiction lacking, it has no option but to dismiss the claim.  *Trusted Integration*, 659 F.3d at 1163; RCFC 12(h)(3).  It is clear to the Court that even given the required deference due to Ms. Smith's *pro se* status, the complaint must be dismissed for lack of jurisdiction.

  The wrongful actions that Ms. Smith alleges in her complaint appear to have been committed by state and local entities, private companies, and private individuals, not the United States.  Although Ms. Smith mentions the United States Army and other Federal agencies in the narrative portion of her complaint, she does not indicate how, if at all, those agencies are responsible for the wrongful acts alleged in her complaint to the United States.  Because all the substantive allegations seem to be levied against states, local entities, private companies, and private individuals and not the United States, this Court lacks jurisdiction over these claims.

  Neither does the Court have jurisdiction where the plaintiff has identified no other source of substantive rights.  *Testan*, 424 U.S. at 398.  Among her sources, Ms. Smith cites without explanation at least seventeen federal statutes and the United States Constitution as the bases of her complaint.  Compl. at 3-6.  However, even though this Court can hear claims brought pursuant to some of the statutes Ms. Smith mentions, such as the Contract Disputes Act, 41 U.S.C. § 7101, passing references to the Constitution or other federal statutes do not suffice to establish jurisdiction.  *Lewis v. United States*, 70 F.3d 597, 603 (Fed. Cir. 1995).  Indeed, each of the listed statutes are irrelevant to the sequence of events that Ms. Smith outlines in her complaint.  In light of this, the Court must dismiss these claims for lack of jurisdiction.

  It appears that Ms. Smith's claims primarily amount to allegations of tort.  However, this Court does not have jurisdiction to hear cases sounding in tort.  *See* 28 U.S.C. § 1491(a)(1) (2012).  As such, these claims must be dismissed.

  In addition, this Court cannot award monetary damages because Ms. Smith has not shown that she is entitled to money damages from a source of substantive law. *See Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1306 (Fed. Cir. 2008). While this Court may, incident of and collateral to a money judgment, "issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records," 28 U.S.C. § 1491(a)(2), it has no authority to take "legislative action" or make policy choices. This Court "does not have jurisdiction over claims arising from the Social Security Act." *Addams-More v. United States*, 81 Fed. Cl. 312, 315 (2008).  Additionally, this Court does not conduct jury trials. *See, e.g.*, *Persyn v. United States*, 34 Fed. Cl. 187, 194 (1995). And the remaining remedies that Ms. Smith seems to seek in her complaint are disjointed and vague, or must be requested from other entities, governmental or private.

The Court must therefore dismiss the complaint for lack of jurisdiction pursuant to RCFC 12(b)(1).

In the alternative, the United States advances the argument that Ms. Smith's complaint should be dismissed for failure to state a claim. RCFC 12(b)(6). Although the Court has granted *in forma pauperis* for the limited purpose of jurisdiction, if the Court were to address the complaint on the merits, the Court would still be required to dismiss the complaint. For the Court to hear her case, Ms. Smith must articulate a "claim to relief that is plausible on its face," which does not require "detailed factual allegations" but that merely allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While *pro se* litigants are here, as with the jurisdictional standard, afforded some leniency, they must still meet the pleading requirements. *Johnson v. United States*, 469 F. App'x 884, 886 (Fed. Cir. 2012). Again, Ms. Smith's complaint is difficult to decipher and consists of vague and seemingly unrelated sequences of events. Compl. at 12. Because the Court cannot discern any plausible connection between the United States and the facts Ms. Smith alleges, the Court finds that Ms. Smith has failed to state a claim and thus has an alternative basis to dismiss pursuant to Rule 12(b)(6).

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED**. The Clerk is directed to dismiss the case and enter judgment accordingly.

**IT IS SO ORDERED.**

                                                                                           s/Edward J. Damich
                                                                                           EDWARD J. DAMICH
                                                                                           Senior Judge